UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD GRIFFIN,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
CONVERGENT OUTSOURCING, INC.,
    Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, TODD GRIFFIN, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Southfield, Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Southfield, Michigan and is a "consumer" for purposes of the FCRA.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Michigan;

   b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Michigan;

   c. Convergent Outsourcing, Inc. ("Convergent") is a foreign corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Convergent's tradeline ("Bogus Tradeline") is fraudulently reporting in Plaintiff's Equifax and Experian credit files.

8. The account reflected by the Bogus Tradeline does not belong to Plaintiff as he is a victim of identity theft.

9. On or about March 7, 2023, Plaintiff filed a police report with the Southfield Police Department stating that he was a victim of identity theft by an ex-coworker who opened the subject account in Plaintiff's name without his knowledge or approval.

10. On or about March 22, 2023 and March 30, 2023, Plaintiff obtained his Experian and Equifax credit disclosures, respectively, and noticed the Bogus Tradeline reporting.

11. On or about April 7, 2023, Plaintiff submitted separate letters to Equifax and Experian disputing the Bogus Tradeline ("the dispute letters").

12. In the dispute letters, Plaintiff explained that the account reflected by the Bogus Tradeline is fraudulent and does not belong to him as he is a victim of identity theft. He attached a copy of the Police Report to verify the same and requested that the Bogus Tradeline be deleted.

13. Equifax and Experian received the dispute letters and forwarded Plaintiff's disputes to Convergent.

14. Convergent received Plaintiff's dispute from Equifax and Experian.

15. On or about June 6, 2023, after not receiving dispute results from Equifax, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Convergent failed or refused to delete the Bogus Tradeline.

16. On or about June 19, 2023, after not receiving dispute results from Experian, Plaintiff obtained his Experian credit disclosure, which showed that Experian and Convergent failed or refused to delete the Bogus Tradeline.

17. After receiving Plaintiff's disputes of the Bogus Tradeline, Convergent continued to report the Bogus Tradeline in Plaintiff's credit files.

18. The Bogus Tradeline is false and misleading. It is also driving Plaintiff's credit score down making it harder for him to obtain jobs, housing, and meet living expenses.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. The Bogus Tradeline has diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to remove the Bogus Tradeline. Defendants' actions and omissions have also caused Plaintiff to lose time attempting to correct the false information in Plaintiff's consumer reports.

**COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONVERGENT OUTSOURCING, INC.**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed of Plaintiff's disputes of the Bogus Tradeline, Convergent negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. Convergent negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax and Experian to delete the Bogus Tradeline.

23. The Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

24. As a direct and proximate cause of Convergent's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

25. Convergent is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Convergent arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Convergent for damages, costs, interest, and attorneys' fees.

**COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONVERGENT OUTSOURCING, INC.**

27. Plaintiff re-alleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax and Experian that Plaintiff disputed the accuracy of the information it was providing, Convergent willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax and Experian to delete the Bogus Tradeline.

29. Convergent willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Convergent's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

31. Convergent is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Convergent for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff re-alleges the above paragraphs as if recited verbatim.

33. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff re-alleges the above paragraphs as if recited verbatim.

47. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

50. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

52. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

59. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**COUNT VII - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY CONVERGENT OUTSOURCING, INC.**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. At all relevant times, Convergent, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities

62. Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") and the account at issue is a consumer debt.

63. Convergent is a "debt collector" as defined by the FDCPA.

64. Convergent's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. § 1692e(8) by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

65. Plaintiff has suffered harm and damages at the hands of the Convergent as this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as Plaintiff, by Congress.

66. Convergent's reporting of the Bogus Tradeline in Plaintiff's credit files is humiliating and embarrassing to Plaintiff, as it creates a false impression to users of his credit reports that he is responsible for this delinquent account when, in fact, he is a victim of identity theft and the account does not belong to him. Again, Convergent's continued reporting of the Bogus Tradeline has harmed Plaintiff's creditworthiness and credit scores.

67. As a direct and proximate cause of Convergent's violations of the FDCPA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

68. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Convergent for actual damages, costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: August 18, 2023

By: /s/ Carl Schwartz
CARL SCHWARTZ
CREDIT REPAIR LAWYERS OF AMERICA
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone (248) 353-2882
Fax (248) 353-4840
Email – Carl@crlam.com
*Attorney for Plaintiff*

13